IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLAUDE YOUNG, III,

          Plaintiff,                        No. CIV S-11-0505 GGH P

     vs.

ARAMARK FOOD SERVICE PROVIDER, et al.,

          Defendants.               <u>ORDER</u>

_____/

          Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected

1   and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

2   plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3           The court is required to screen complaints brought by prisoners seeking relief

4   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8   U.S.C. § 1915A(b)(1),(2).

9           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989); Franklin, 745 F.2d at 1227.

16          A complaint must contain more than a "formulaic recitation of the elements of a

17  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

18  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

19  "The pleading must contain something more...than...a statement of facts that merely creates a

20  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

21  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

22  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

23  v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct.

24  1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

25  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

26  Id.

2

1    In reviewing a complaint under this standard, the court must accept as true the

2   allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

3   738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

4   and resolve all doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, 89 S.Ct.

5   1843 (1969).

6   I.  <u>Plaintiff's Allegations</u>

7    Plaintiff names Aramark Food Service Provider, the Solano County Sheriff's

8   Department, and Solano County as defendants to this action.  Plaintiff alleges that defendants

9   serve inmates at the Fairfield County Jail the same meal every day, a "so-called 'breakfast bar'

10   which consists of cake mixed with vegetables [and] leftover foods[.]"  (Complaint at 4.)  Plaintiff

11   alleges that these "repetitive meals" are intended to punish prisoners and constitute

12   "psychological and physical abuse" in violation of the Eighth Amendment's ban on cruel and

13   unusual punishment.  (<u>Id</u>.)  Plaintiff alleges that the breakfast bars do not constitute "hot meals,"

14   and that defendants are in violation of unspecified state or institutional regulations providing that

15   inmates shall be served two hot meals a day.[1]  (<u>Id</u>. at 4-5.)

16    Plaintiff also alleges that there is no proper grievance procedure in place at the

17   Fairfield County Jail, as "[i]t is commonplace for inmates to file grievance(s) on the official

18   figures that supervise them in custody."  Petitioner alleges that there is no "chain of command to

19   regulate the grievance process by rank and authority"; rather, "a petition or grievance is answered

20   by the same person at every level[.]"  The undersigned construes this as a claim that the lack of a

21   proper grievance procedure at Fairfield County Jail violates petitioner's constitutional right to

22   due process.

23   \\\\

24   \\\\

25

26    [1] Plaintiff refers to Exhibits B and C in connection with these allegations, but no such
exhibits are attached to the complaint.  (<u>Id</u>.)

1    II.  Discussion

2    A.  Eighth Amendment

3              "'Because routine discomfort is part of the penalty that criminal offenders pay for

4    their offenses against society, only those deprivations denying the minimal civilized measure of

5    life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.'"

6    Somers v. Thurman, 109 F.3d 614, 623 (1997), quoting Hudson v. McMillian, 503 U.S. 1, 9, 112

7    S.Ct. 995, 1000 (1992) (omitting internal quotations and citations).

8              [A] prison official cannot be found liable under the Eighth
               Amendment for denying an inmate humane conditions of
9              confinement unless the official knows of and disregards an
               excessive risk to inmate health or safety; the official must both be
10             aware of facts from which the inference could be drawn that a
               substantial risk of serious harm exists, and he must also draw the
11             inference.

12   Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970 (1994).

13             However, "[p]rison officials have a duty to ensure that prisoners are provided

14   adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v.

15   Lewis, 217 F.3d 726, 731 (9th Cir. 2000), citing, inter alia, Farmer v. Brennan, 511 U.S. at 832,

16   114 S. Ct. 1970;  Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982) ("[A]n institution's

17   obligation under the Eighth Amendment is at an end if it furnishes sentenced prisoners with

18   adequate food, clothing, shelter, sanitation, medical care, and personal safety" [internal

19   quotations omitted]).   When an inmate has been deprived of necessities, "the circumstances,

20   nature and duration of a deprivation...must be considered in determining whether a constitutional

21   violation has occurred." Johnson, supra, at 731.  Here, the complaint states a sufficiently, at this

22   point, colorable Eighth Amendment claim against defendants Solano County and the Solano

23   County Sheriff's Department pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

24             Plaintiff fails to state a claim against defendant Aramark, however.  In order to

25   state a claim under § 1983, a plaintiff must allege that:  (1) defendant was acting under color of

26   state law at the time the complained of act was committed; and (2) defendant's conduct deprived

4

plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988).  Private parties are generally not considered to be acting under color of state law for purposes of liability under § 1983.  See Price v. Hawai'I, 939 F.2d 702, 707-08 (9th Cir. 1991).   However, it is possible for a private party to act under color of state law where conspiracy with state officials is alleged.  See Tower v. Glover, 467 U.S. 914, 920, 104 S.Ct. 2820 (1984).  Plaintiff has alleged no such conspiracy.

        Plaintiff also has not linked Aramark to any harmful conduct, merely alleged that it delivered meals ordered by the prison.  The Civil Rights Act requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Because plaintiff has failed to allege a constitutional claim against Aramark, this defendant will be dismissed; however, plaintiff will have an opportunity to amend the complaint.

B.  Due Process

        Plaintiff alleges that the grievance procedure at Fairfield County Jail is constitutionally inadequate.  However, prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988).  Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns.  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991); Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill. 1982) ("[A

1   prison] grievance procedure is a procedural right only, it does not confer any substantive right

2   upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring the

3   procedural protections envisioned by the fourteenth amendment").  State regulations give rise to

4   a liberty interest protected by the Due Process Clause of the federal constitution only if those

5   regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on

6   the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472,

7   484, 115 S.Ct. 2293, 2300 (1995).  Thus, plaintiff's due process claims concerning the Fairfield

8   County Jail's grievance procedure must also be dismissed with leave to amend.

9          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

10   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

11   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

12   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

13   there is some affirmative link or connection between a defendant's actions and the claimed

14   deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

15   164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

16   vague and conclusory allegations of official participation in civil rights violations are not

17   sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

18          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

19   order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

20   complaint be complete in itself without reference to any prior pleading.  This is because, as a

21   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

22   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

23   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

24   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

25   \\\\

26   \\\\

6

1          Accordingly, IT IS HEREBY ORDERED that:

2          1.  Plaintiff's request to proceed in forma pauperis is granted;

3          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

4   The fee shall be collected and paid in accordance with this court's order to the Director of the

5   California Department of Corrections and Rehabilitation filed concurrently herewith;

6          3.  Plaintiff's due process claims against all defendants and Eighth Amendment

7   claims against Aramark are dismissed for the reasons discussed above, with leave to file an

8   amended complaint within twenty-eight days from the date of service of this Order.  Failure to

9   file an amended complaint will result in a recommendation that these claims and/or defendants

10  be dismissed from this action.

11          4.  Upon filing an amended complaint or expiration of the time allowed therefor,

12  the court will make further orders for service of process upon some or all of the defendants.

13  DATED: May 4, 2011

14

15                                      /s/ Gregory G. Hollows

16                                      _____
                                        UNITED STATES MAGISTRATE JUDGE

17

18  GGH:014
    youn0505.B1.nf

19

20

21

22

23

24

25

26